VIGERS ET AL *vs.* KILSHAW.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

Where an agent, with general and special powers, is instructed to purchase
three hundred hogsheads of tobacco for the London market, and, without
additional authority, he ships ninety-nine hogsheads to New-York, on
which a loss is sustained, he is answerable therefor.

So, where an agent acts in good faith, but indiscreetly, and exceeds his
instructions, he will be responsible to his principal for the loss that
results.

This is an action by the principal against his agent, to
recover three thousand four hundred and three dollars, for
losses on ninety-nine hogsheads of tobacco, purchased by the
latter on account of the former, without authority, and
shipped to New-York, where it was sold at a loss.

The defendant pleaded a general denial, and averred that
the tobacco in question was purchased by the confidential
broker of the plaintiff, at his instance, and with his advice.
He further states, that he acted in good faith, and to the best

of his knowledge, for the plaintiff's interests, while acting as his agent. He prays that the suit be dismissed.

The evidence showed that the defendant exceeded his instructions in making the purchase in question.

The cause was submitted to a jury, who returned a verdict for the plaintiff, allowing him the sum he claimed. From judgment rendered thereon, the defendant appealed.

*Lockett,* for the plaintiff.

*Canon, contra.*

*Eustis, J.,* delivered the opinion of the court.

This is an action of a principal against his agent, for exceeding his instructions.

Vigers, the plaintiff, trading under the name of Vigers & Company, in New-Orleans, appointed the defendant his agent during his temporary absence in Europe. The powers given were general, and extended to every necessary act required to be done in the course of the plaintiff's business. He left with the defendant particular instructions, however, and, among other directions, authorized the defendant, if *choice* parcels of tobacco should decline to a certain rate, to ship three hundred hogsheads to London, one half to be on account of a London house, and the other on account of the plaintiff. The defendant shipped the three hundred hogsheads to London, but also shipped ninety-nine hogsheads of tobacco to New-York. On this latter shipment there was a loss, which forms the subject of the present suit. The plaintiff having paid the amount, had a verdict for three thousand four hundred and three dollars and sixty-six cents. From the judgment on the verdict the defendant has appealed.

From an examination of the instructions of the plaintiff, we find no authority to make the shipment of tobacco to New-York, nor any thing from which such an authority can be implied. He authorizes certain operations in cotton to be undertaken, but those in tobacco were limited to the London market; none others are authorized, or even alluded to; and,

from the particular manner in which the instructions are drawn up, we must conclude that all shipments other than those authorized were excluded. It might well happen that, in purchases of tobacco for the London market, a purchaser might find it for his advantage, in order to secure tobacco of a quality suitable for that market, to take other hogsheads of an inferior quality, as the article is sold in lots, not assorted according to the standard which exists there. The plaintiff was undoubtedly aware of this fact, and must be supposed to have given his directions in relation to it. His agent, the defendant, he knew might have on hand a certain quantity of tobacco, but there is no evidence that he, the plaintiff, had any idea of trusting it to the chances of a distant market. Duggan, the broker who purchased the tobacco, says expressly, that "had Mr. Kilshaw sold the ninety-nine hogsheads here, he does not think Vigers would have sustained any loss, as there was a great demand for tobacco." Putting the case on the most favorable footing for the defendant, supposing that the ninety-nine hogsheads of tobacco were left in his hands from the purchases he was obliged to make to complete the three hundred hogsheads for the London market, we find neither necessity nor authority for shipping the former to New-York, for which market, the evidence shows conclusively, the quality of the tobacco was not suited. It is urged in argument, in behalf of the defendant, that his agency was gratuitous, and that he acted in good faith. There is no evidence which shows that the defendant was not to receive a compensation for his agency. The plaintiff did not expect the defendant to charge him any commission on his interest in the London shipment, but that he, the defendant, would be satisfied with the commission of three and a half per cent. on the interest of the London house; but we have seen nothing in the evidence which takes this case out of the operation of the contract of commission. We believe the defendant acted in good faith, but also that he acted indiscreetly, and without authority, in making the shipment to New-York.

*Where an agent with general and special powers is instructed to purchase for his principal three hundred hhds. of tobacco for the London market, and without additional authority he ships ninety-nine hhds. to New-York, on which a loss is sustained, he is liable therefor.*

*So, where an agent acts in good faith but indiscreetly, and exceeds his instructions, he will be responsible to his principal for the loss that results.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.